**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **ERICA MENARD AND DENNIS MOON,** | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.: 1:18-CV-00472** |
| | § | |
| **FOREMOST INSURANCE** | § | |
| **COMPANY GRAND RAPIDS MICHIGAN,** | § | |
| **DEFENDANT.** | § | |

**DEFENDANT FOREMOST INSURANCE COMPANY'S
<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

**NOW INTO COURT**, comes Defendant, Foremost Insurance Company ("Foremost"), incorrectly identified in the caption of this matter as Foremost Insurance Company Grand Rapids Michigan, a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] appearing in its "fiduciary"[2] capacity as the "fiscal agent of the United States",[3] at the expense of the United States Treasury,[4] for the purpose of responding to Plaintiffs' Original Complaint ("Complaint") and asserting Affirmative Defenses thereto:

**<u>PARTIES</u>**

1.     The allegations contained in paragraph 1 of the Plaintiffs' Complaint are admitted in part and denied in part.  It is admitted, upon information and belief, that Plaintiffs are domiciled and resides in this judicial district.  It is further admitted that Defendant, Foremost Insurance Company, issued Standard Flood Insurance Policy ("SFIP") number 0600117604 to Erica Menard and Dennis Moon for the property located at 2221 Nottingham Ln., Grove, Texas

---

[1] *See* 42 U.S.C. § 4001, *et seq.*; *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).
[2] 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Gowland*, 143 F.3d at 953.
[4] *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d. 397, 399-400, 402 (5th Cir. 2012).

77619, which was in effect for the term of May 28, 2017 to May 28, 2018. Answering further, the SFIP, itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its coverages, terms, conditions, limitations and exclusions as stated therein and is incorporated and pled herein by reference as if copied *in extenso*.  All remaining allegations in paragraph 1 of the Complaint not specifically admitted herein are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

2.      The allegations contained in paragraph 2 of the Plaintiffs' Complaint are admitted in part and denied in part. Foremost admits that it is an insurance company authorize to and doing business in Texas.  Further answering, Foremost acted, at all times pertinent herein, in its capacity as a WYO Program insurance carrier participating in the U.S. Government's NFIP pursuant to the National Flood Insurance Act of 1968, as amended, in its "fiduciary" capacity as the "fiscal agent of the United States," at the expense of the U.S. Treasury. All remaining allegations in paragraph 2 of the Complaint not specifically admitted herein are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

3.      The allegations contained in paragraph 3 of the Plaintiffs' Complaint are admitted in part and denied in part.  It is admitted that Foremost participates in the NFIP in its capacity as a WYO Program Carrier, and that in such capacity Foremost issued SFIP Number 0600117604 to Plaintiffs.  Answering further, the SFIP, itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its coverages, terms, conditions, limitations and exclusions as stated therein and is incorporated and pled herein by reference as if copied *in extenso*.  The remaining allegations contained in paragraph 3 of the Complaint are a paraphrase of a statement of law, which to the extent that it is accurate is admitted, otherwise denied.

**JURISDICTION AND VENUE**

4.      The allegations contained in paragraph 4 of the Plaintiffs' Complaint are admitted in part and denied in part. The allegations are admitted to the extent that they establish federal jurisdiction in this United States District Court. It is further admitted that Defendant in its capacity as a WYO Program carrier issued a Dwelling Form SFIP to Plaintiffs, and that the SFIP, itself a codified federal regulation found at 44 C.F.R. Part 61, App. A(1), is self-evident of its coverages, terms, conditions, limitations and exclusions as stated therein and is incorporated and pled herein by reference as if copied *in extenso*.  All remaining allegations in paragraph 4 of the Complaint not specifically admitted herein are denied as they contain, or call for a legal conclusion on a substantive issue of law and/or fact.

5.      The allegations contained in paragraph 5 of the Plaintiffs' Complaint are a paraphrase of a statement of law, which to the extent that it is accurate is admitted, otherwise denied.

6.      The allegations contained in paragraph 6 of the Plaintiffs' Complaint are admitted.

7.      The allegations contained in paragraph 7 of the Plaintiffs' Complaint are admitted.

8.      The allegations contained in paragraph 8 of the Plaintiffs' Complaint are admitted.

**FACTUAL BACKGROUND**

9.      The allegations contained in paragraph 9 of the Plaintiffs' Complaint are admitted in part and denied in part.  It is admitted that Foremost in its capacity as a WYO Program Carrier issued SFIP Number 0600117604 to Erica Menard and Dennis Moon for the property located at

2221 Nottingham Ln., Grove, Texas  77619, which was in effect for the term of May 28, 2017 to May 28, 2018.  Answering further, the SFIP, itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), is self-evident of its coverages, terms, conditions, limitations and exclusions as stated therein and is incorporated and pled herein by reference as if copied *in extenso*. All remaining allegations in paragraph 9 of the Complaint not specifically admitted herein are denied for lack of sufficient information or knowledge to justify a belief therein, and/or because they contain or call for a legal conclusion on a substantive issue of law and/or fact.

10.     The allegations contained in paragraph 10 of the Plaintiffs' Complaint are denied for lack of sufficient information or knowledge to justify a belief therein, and/or because they contain or call for a legal conclusion on a substantive issue of law and/or fact.

11.     The allegations contained in paragraph 11 of the Plaintiffs' Complaint are admitted in part and denied in part. It is admitted that Plaintiffs' property sustained some damage due to flooding associated with Hurricane Harvey, the extent and cause of which are disputed. All remaining allegations in paragraph 11 of the Complaint not specifically admitted herein are denied for lack of sufficient information or knowledge to justify a belief therein, and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

12.     The allegations contained in paragraph 12 of the Plaintiffs' Complaint are admitted in part and denied in part.  It is admitted that Plaintiffs' property sustained some damage due to flooding associated with Hurricane Harvey, the extent and cause of which are disputed. All remaining allegations in paragraph 12 of the Complaint not specifically admitted herein are denied for lack of sufficient information or knowledge to justify a belief therein,

and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

13.    The allegations contained in paragraph 13 of the Plaintiffs' Complaint are admitted in part and denied in part. Foremost admits that Plaintiffs made a flood claim for damages allegedly caused by flooding associated with Hurricane Harvey to the property located at 2221 Nottingham Ln., Grove, Texas  77619, and that, as a matter of courtesy only, Foremost did assign the claim to an independent adjuster to assist the Plaintiffs in presentation of their flood loss claim. Foremost further admits that after reviewing and verifying the independent adjuster's recommendations regarding the scope of the loss and the payment for covered items pursuant to 44 C.F.R. § 62.23(i)(2), Foremost issued payment for all covered and payable damages pursuant to the terms and conditions set forth in Plaintiffs' SFIP and all applicable NFIP rules and regulations and guidance from FEMA. Answering further, the SFIP, itself a codified federal regulation found at 44 C.F.R. Part 61, App. A(1) is self-evident of its coverages, terms, conditions, limitations and exclusions as stated therein and is incorporated and pled herein by reference as if copied *in extenso*. All remaining allegations in paragraph 13 of the Complaint not specifically admitted herein are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

14.    The allegations contained in paragraph 14 of the Plaintiffs' Complaint are denied as they contain or call for a legal conclusion on a substantive issue of law and/or fact.

15.    The allegations contained in paragraph 15 of the Plaintiffs' Complaint are admitted in part and denied in part.  The allegations are admitted only to the extent that Plaintiffs submitted to Foremost a document entitled "Proof of Loss" and purported damage estimate; however, it is denied that said Proof of Loss and purported damage estimate accurately reflect

the damage caused by or from flood to the subject insured property.   All remaining allegations are denied as they contain or call for a legal conclusion on a substantive issue of law and/or fact.

## CAUSE OF ACTION: BREACH OF CONTRACT

16.     Foremost re-alleges and incorporates its answers and defenses asserted in paragraphs 1-15 as though fully set forth herein, in *extenso*.

17.     The allegations contained in paragraph 17 of the Plaintiffs' Complaint are admitted in part and denied in part.  It is admitted that Foremost issued Dwelling Form SFIP number 0600117604 to Erica Menard and Dennis Moon for the property located at 2221 Nottingham Ln., Grove, Texas  77619, which was in effect from May 28, 2017 to May 28, 2018. Answering further, the SFIP, itself a codified federal regulation found at 44 C.F.R. Part 61, App. A(1), is self-evident of its coverages, terms, conditions, limitations and exclusions as stated therein and is incorporated and pled herein by reference as if copied *in extenso*.  All remaining allegations in paragraph 17 of the Complaint not specifically admitted herein are denied as they contain or call for a legal conclusion on a substantive issue of law and/or fact.

18.     The allegations contained in paragraph 18 of the Plaintiffs' Complaint are denied. Further answering, these allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.  Answering further, the SFIP, itself a codified federal regulation found at 44 C.F.R. Part 61, App. A(1), is self-evident of its coverages, terms, conditions, limitations and exclusions as stated therein and is incorporated and pled herein by reference as if copied *in extenso*.  In further answer, the Federal Government has reserved unto itself the exclusive authority to waive Program requirements.  *See* 44 C.F.R. §§ 61.13(d), 62.23(k); SFIP Article VII(D).

19.     The allegations contained in paragraph 19 of the Plaintiffs' Complaint are denied. Further answering, the allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.  In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law.

20.     The allegations contained in paragraph 20 of the Plaintiffs' Complaint are denied. Further, the allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.  In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law.

21.     The allegations contained in paragraph 21 including subparagraphs (a) through (g) of the Plaintiffs' Complaint are denied. Further, the allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.  In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law.

22.     The allegations contained in paragraph 22 of the Plaintiffs' Complaint are denied. Further, the allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.  In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration

of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law.

23.     The allegations contained in paragraph 23 of the Plaintiffs' Complaint are denied. Further, the allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

24.     The allegations contained in paragraph 24 of the Plaintiffs' Complaint are denied. Further, the allegations are denied as written, as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.  In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law.

## PRAYER

The allegations contained in the Prayer for relief paragraph of the Plaintiffs' Complaint are denied. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law.

AND NOW, IN FURTHER ANSWER, COMES Defendant, Foremost Insurance Company, to submit the following Affirmative Defenses to Plaintiffs' Complaint:

## NO CAUSE OF ACTION

The Plaintiffs' Complaint fails to contain claims upon which relief may be granted by this Honorable Court.

## NO RIGHT OF ACTION

There are no "implied" private rights of action available in the context of the comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the National Flood Insurance Program. To the extent that the Plaintiffs seek any recovery from Foremost under federal law beyond what is provided for in the text of the SFIP, Foremost affirmatively asserts that no right of action exists.

## THE INSURING AGREEMENT

The responsibilities of the WYO Program carrier, Foremost, to the insured, and vice versa, are provided in the insuring agreement of the SFIP.  44 C.F.R. Pt. 61, App. A(1) at "Agreement."  Pursuant to that regulation/contract, the insured has no cause to complain of the strictures of the NFIP, for they agreed to be bound by all program rules as a condition of the policy of flood insurance purchased.

## CHARGED WITH KNOWLEDGE AND NO DETRIMENTAL RELIANCE

As a matter of federal law, Plaintiffs are charged with knowledge of the terms and conditions of the NFIA, the NFIP and the SFIP.  *See Fed. Crop Ins. Corp v. Merrill*, 332 U.S. 380 (1947); *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51 (1984). Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. § 61.5(e). Accordingly, alleged detrimental reliance claims are unreasonable as a matter of law. Further, per the U.S. Supreme Court's opinion in *Heckler*, Plaintiffs are charged with knowing all the terms and conditions of FEMA published guidance regarding the NFIP including, but not limited to, the FEMA Manuals and Bulletins.  *Heckler*, 467 U.S. at 63.  Similarly, the SFIP bars all claims of reliance in the context of claims issues.  44 C.F.R. Pt. 61, App. A(1), Arts. VII(J)(5),

(7) and (8); *see also Heckler*, 467 U.S. at 63; *Richmond Printing LLC v. Dir., FEMA*, 72 F.App'x 92, 97-98 (5th Cir. 2003); *Worthen v. Galveston Ins. Assocs.*, No. Civ.A. H-02-4795, 2010 WL 3816044, *2 (S.D.Tex. 2000); *Ellis v. Allstate Ins. Co.*, No. Civ.A. H-02-4795, 2005 WL 1155060, *6 (S.D.Tex. 2005).

## DUTIES OF THE INSURED

The insured is responsible for reading the SFIP, as well as any renewal and/or cancellation notices, and is presumed to know the provisions of the policy, including the insurer's limits of liability, coverages and exclusions.

## THE DECLARATIONS PAGE

The Declarations Page is a part of the SFIP itself. The Declarations Page describes the term of the policy, limits of coverage, and displays the premium. The question of whether the insured is entitled to additional sums under the SFIP, and if so, how much, is strictly governed by the policy's Declarations Page, and all of the policy's terms and conditions as contained in the SFIP at 44 C.F.R. Pt. 61, App. A(1), *in pari materia* with all applicable provisions of the Code of Federal Regulations, the NFIA itself and FEMA's regulations, Bulletins, and Claims Manual.

## FISCAL AGENT STATUS

By statute, Foremost is a fiscal agent of the United States. 42 U.S.C. § 4071(a)(1). By regulation, Foremost' fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended." 44 C.F.R. § 62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. § 4019.  Those standards govern all of the WYO Program companies and all insured in a nationally uniform manner.

## DEFINITIONS

Foremost pleads 44 C.F.R. Pt. 61, App. A(1), Article II, "Definitions," as an affirmative defense, including, but not limited to, the definitions of Policy, Building, Declarations Page, Dwelling, Direct Physical Loss By or From Flood, Flood, You, Your, Valued Policy, etc. Foremost further avers that said definitions must be strictly construed, interpreted and enforced.

## LIMITATIONS OF COVERAGES

Foremost avers as an affirmative defense those provisions and limitations of coverage contained at ARTICLE III of the SFIP.

## STRICT CONSTRUCTION AND INTERPRETATION

Foremost pleads that, as all claims under the SFIP are made with U.S. Treasury funds out of segregated accounts maintained by the WYO Program carrier in compliance with the "Arrangement," all payments must be in conformity with the Appropriations Clause of the U.S. Constitution.   *See* 42 U.S.C. § 4071(a)(1). Because U.S. Treasury funds are at stake in the payment of claims within the National Flood Insurance Program, strict compliance with the terms and provisions of the SFIP, the National Flood Insurance Act of 1968, as amended, and the Code of Federal Regulations is required of all parties.  *Grissom*, 678 F.3d. 397.

## U.S. TREASURY FUNDS PAY ALL EXPENSES

All expenses and costs in this matter are being borne out of U.S. Treasury funds. Further, any judgment that may be cast in this matter also will come from federal funds.

## CONDITIONS PRECEDENT

The SFIP expressly conditions the right to sue for further benefits under the policy upon the insured's prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the insured is seeking under the policy, the insured must meet the burden of

proof to establish the pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements.  *See* 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly plead herein by reference.

### DOCUMENTATION AND PROOF OF COMPLETED REPAIRS

Defendant asserts that Plaintiffs failed to provide sufficient documentation and proof of repairs in support of any further amounts claimed as required by SFIP Articles VII(J)(3), VII(J)(4)(f) and (i), and VII(V) and failed to submit sufficient documentation and a proper Proof of Loss to support the amounts sought in the pre-suit demand pursuant to FEMA Bulletin W-14058. Pursuant to Article VII(K) of the SFIP, Defendant is specifically requesting in writing that the insured furnish a complete inventory of the lost, damaged, or destroyed property, including quantities and cost, actual cash values, amounts of loss claimed, and any written plans, line-by-line item estimates and specifications for repair. Further, as per Article VII(J)(3) and VII(V), the insured must attach all bills, receipts and related documents, particularly if the repairs have been completed or are in progress.  Additionally, the insured should provide the requested documentation in such a format as to clearly show how the materials, supplies and repairs correlate to damaged items claimed.

### WAIVERS

The Federal Government has reserved unto itself the exclusive authority to waive Program requirements.  *See* 44 C.F.R. §§ 61.13(d), 62.23(k); SFIP Article VII(D), which are pled herein as though contained *in extenso*.  Foremost affirmatively pleads that it cannot legally waive Program requirements; instead, it is required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes.   The Federal

Insurance Administrator ("FIA") is the sole authority.  The only evidence of any such waiver specific to the captioned matter of which Foremost is aware is for an extension of time to file a valid Proof of Loss, said waiver having expired on year following the date of loss.  Foremost is not aware of any waiver specific to the Plaintiffs in the captioned matter.

## TIME LIMITATIONS

In the event Plaintiffs' lawsuit was not filed in federal court within 12 months of the date of any written denial or partial denial from Foremost to the insured then Plaintiffs' suit is time barred.  *See* 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(1), Art. VII(R).

## NO BREACH OF DUTY

There was no breach of any duty owed by Foremost to the Plaintiff. There was no causation and no damage attributable to any alleged act, error or omission by Foremost in this case. Foremost avers that the Plaintiffs have not been damaged as a result of any alleged action or inaction on the part of Foremost.

## MITIGATION

If any of the insured's damages are a result of a failure by the insured to take reasonable steps to mitigate the loss, those damages are not recoverable.

## CONSTITUTIONAL ISSUES

Pursuant to the Appropriations Clause, no recovery may be allowed to the insured beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this Program. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the States have no power to regulate the NFIP via the congressional tender found in the McCarren-Ferguson Act (15 U.S.C §§ 1011-15), Foremost asserts under the Commerce Clause

that the States have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Foremost respectfully submits that the role of the courts in a dispute of this type is limited by the principles contained by the Supreme Court in the section on "policy" in *Chevron v. Nat'l Res. Def. Council*, 467 U.S. 837 (1984).

## PAYMENT FOR THE HANDLING OF CLAIMS

Foremost has no reason to act in bad faith or in a deceptive or unfair manner, as it receives a fee for every dollar paid to an insured under an SFIP.  In other words, the greater the amount paid to an insured under an SFIP, the higher the fee the WYO Program carrier will receive from the federal government for handling the claim.

## PRIOR PAYMENTS

Foremost asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

## LOSS PAYMENT AND LOSS PAYEES

Defendant asserts SFIP Article VII(M) – LOSS PAYMENT, and all sub-parts thereto, as an affirmative defense.  In the event of any recovery by the insured, Foremost affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities, *e.g.*, Small Business Administration, that are entitled to have their interests protected on any further checks, then those requirements are plead herein as well.

## IMPROPER PAYMENTS INFORMATION ACT

Unless Plaintiffs can establish that they have submitted documentation that meets all requirements under the SFIP and FEMA's guidelines, any payment under the NFIP is barred by the Improper Payments Information Act of 2002.  31 U.S.C. § 3321 note (Supp. III 2003).

## PREEMPTION

All federal and/or state law based extra-contractual and tort claims arising out of the handling of the flood loss claim are preempted and barred by federal law, including but not limited to claims for attorney fees, costs, pre- and post-judgment interest, etc.

## NO INTEREST RULE

Because claim payments pursuant to the Flood Program are paid out of the U.S. Treasury, any claims for pre-judgment interest or post-judgment interest are barred by federal law. The "No Interest Rule" applies.

## CONSEQUENTIAL DAMAGES

Because the SFIP only pays for damages caused directly by or from flood, no consequential damages are allowed.

## CLAIMS ADJUSTMENTS

Foremost pleads 44 C.F.R. § 62.23(i)(1) and (2), in their entirety, as though contained herein *in extenso*. Under the terms of the "Arrangement", WYO Companies will adjust claims in accordance with general Company standards, guided by the NFIP Adjuster Manuals. Further, the WYO Company may use its staff adjusters, independent adjusters, or both. The WYO's Claims Department verifies the correctness of the coverage interpretations and reasonableness of the payments recommended by the adjusters. The independent adjuster may not make final determinations as to coverage as a matter of law.

## NOT GENERAL AGENT

Defendant is not the general agent of the U.S. Government.  *See* 44 C.F.R. § 62.23(g).

## SFIP IS A SINGLE RISK POLICY

The Plaintiffs are not entitled to recover federal flood benefits under one SFIP for more than one dwelling, as the SFIP is a single-risk policy which only covers damages caused directly by or from flood. *See* Articles I and II (B)(21) of the SFIP.

## COMPLIANCE REQUIREMENT

Defendant asserts as an affirmative defense 44 C.F.R. § 60.3, which requires that any structure that has been substantially damaged be brought into compliance with FEMA's flood plain management plan. The costs associated with compliance are subject to the terms, exclusions and limitations of the SFIP, including Coverage D, Increased Cost of Compliance.

## PROPERTY COVERED

Defendant asserts as an affirmative defense the provisions of ARTICLE III-PROPERTY COVERED which includes those specific items of property for which coverage is provided and/or restricted under the SFIP even if the damages to those items were caused directly by or from flooding.

## PROPERTY NOT COVERED

Defendant avers as an affirmative defense the provisions of ARTICLE IV- PROPERTY NOT COVERED, which includes those specific items of property for which coverage is not provided under the SFIP even if the damages to those items were caused directly by or from flooding.

## EXCLUSIONS

Defendant avers as an affirmative defense those exclusions contained in ARTICLE V – EXCLUSIONS, particularly including but not limited to earth movement, water, moisture, mildew and mold exclusions.

## LOSS SETTLEMENT

Defendant avers as an affirmative defense the provisions set forth in 44 C.F.C. Pt. 61, App. A(1), Article VII(V) – LOSS SETTLEMENT.

## PRIOR LOSS

If Plaintiffs' property suffered a prior flood loss for which the insured at the time of the prior flood loss was compensated, but proper repairs were not made to the property, then Defendant avers that payment cannot be made again for those same damages. The burden is on the Plaintiffs to present proof that the prior loss was remediated and that additional payments are not duplicative. Defendant asserts, but is not limited to SFIP Article VII(K) in this regard.

## APPRAISAL CLAUSE

If this Plaintiffs' SFIP claims dispute reaches a point where it is established that there is (1) full and complete compliance with all conditions precedent to the making of a claim, and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that event (but not until that event) Defendant affirmatively asserts and invokes the appraisal clause of the SFIP. 44 C.F.R. Pt. 61, App. A(1), Art. VII(P).

## AGENT OF THE INSURED

Pursuant to 44 C.F.R. § 61.5(e), the duly licensed property and casualty insurance agent acts for the insured and not for the WYO carrier. Further, any representations which are contrary

to the terms and conditions of the SFIP are void. Moreover, any reliance upon such purported representations is void as a matter of law.

## BINDERS

Federal law expressly invalidates all oral and written binders in the context of the NFIP. To the extent Plaintiffs seek to claim any promises of the placement of coverage, such promises are invalid and unenforceable as a matter of federal law.

## OFFSET & DOUBLE RECOVERY

There can be no double recovery for the alleged flood damages. Moreover, Defendant would be entitled to an offset of the percentage of liability attributable to third parties. In addition, Plaintiffs' claims may be barred or reduced in part by the comparative negligence of the Plaintiffs or third parties that contributed to the Plaintiffs' negligence.

## PROOF OF LOSS REQUIREMENT

The SFIP sets forth strict requirements for the proof of loss under 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). It is Plaintiffs' burden to establish that they strictly complied with 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4), and all sub-parts thereto, prior to filing suit pursuant to 44 C.F.R. Pt. 61, App. A(1), Art. VII(R). Defendant specifically asserts that Plaintiffs failed to timely submit a valid, properly signed and sworn Proof of Loss supported by proper documentation of covered and payable damages caused directly by or from flood to support their claim for additional U.S. Treasury funds.

## RE-INSPECTION OF PROPERTY

Defendant asserts that it has not been given the opportunity to re-inspect the insured property pursuant to the Plaintiffs' request for additional payment in order to verify the complained of loss as is mandated in 44 C.F.R. § 62.23(i)(2).  *See* the provisions of the FEMA

NFIP *Flood Insurance Claims Handbook*, at page 7, which Defendant asserts as a right and a defense.

## OVERHEAD AND PROFIT

In an abundance of caution, Defendant asserts as an affirmative defense that if the subject property has been sold prior to repairs being made, Plaintiffs are not entitled to overhead and profit. Further, Defendant asserts as an affirmative defense the FEMA Claims Manual regarding overhead and profit.

## OFFICE OF GENERAL COUNSEL REVIEW

Defendant asserts that it reported this litigation to FEMA as required after it was served with this lawsuit as required per the "Arrangement," and that Defendant has not received any correspondence from the Federal Insurance Administrator, FEMA, or its Office of General Counsel declaring, or even suggesting, that this case falls outside the "scope" of the Arrangement.

## ANTI-ASSIGNMENT OF CLAIMS ACT

Defendant asserts that any assignment of SFIP benefits must comply with the Anti-Assignment of Claims Act.

## FEMA FLOOD INSURANCE MANUAL

Foremost asserts that the FEMA Flood Insurance Manual, promulgated by FEMA under authority of the U.S. Congress, governs all underwriting aspects of Plaintiffs' SFIP, including but not limited to, requirements for the renewal of an NFIP SFIP. See https://www.fema.gov/flood-insurance-manual.

## THE ARRANGEMENT

Foremost, as a participating WYO Program carrier, is strictly bound by the "Arrangement" found at https://www.fema.gov/media-library/assets/documents/17972.

## FEMA BULLETINS

Per the *Arrangement* (Arts. I(5) and (6), II(A)(2) and (G)), Foremost shall abide by written guidance published by FEMA.

## THE SFIP IS THE BEST EVIDENCE OF ITS CONTENTS

The SFIP, codified at 44 C.F.R. Part 61, Appendix A(1), is the best evidence of the terms and conditions of said federal insurance policy.

## FEMA ADJUSTER CLAIMS MANUAL

Foremost asserts that the FEMA Adjuster Claims Manual, promulgated by FEMA under authority of the U.S. Congress, governs claim adjustment aspects of Plaintiffs' SFIP.  *See* https://www.fema.gov/media-library/assets/documents/2675.

## ACTUAL CASH VALUE

Defendant asserts as an affirmative defense that Plaintiffs' recovery is subject to Actual Cash Value loss settlement as Plaintiffs' property was not insured to 80% of its value at the date of loss.  *See* 44 C.F.R. Pt. 61, App. A(1), Art. VII(V)(4)(a).

## CONTENTS LIMITS PAID

Defendant asserts as an affirmative defenses that Plaintiffs may not recover additional funds for loss of personal property, as they have been paid the limit of Coverage "B" (Contents).

## DENIAL OF REMAINING ALLEGATIONS

Defendant affirmatively pleads, without waiving any other defenses elsewhere asserted herein, that all allegations contained in the Plaintiffs' Complaint that have not been specifically admitted are hereby denied.

## RESERVATION OF RIGHTS

To the extent permitted by law, Defendant reserves its right to supplement and amend its Answer to Plaintiffs' Complaint and to assert additional affirmative defenses as future discovery may warrant and require.

## PRAYER

WHEREFORE, Foremost Insurance Company, prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that after all due proceedings are had, that there be judgment herein dismissing all claims of Plaintiffs against Defendant, Foremost, with prejudice, and at Plaintiffs' costs.

Dated: December 11, 2018.

Respectfully Submitted,

**BAKER & HOSTETLER, LLP**

By: _/s/Bradley K. Jones_
    Douglas D. D'Arche
    State Bar No. 00793582
    Bradley K. Jones
    State Bar No. 24060041
    811 Main St., Suite 1100
    Houston, Texas 77002
    P: (713) 751-1600
    F: (713) 751-1717
    E-mail: ddarche@bakerlaw.com
    E-mail: bkjones@bakerlaw.com

**AND**

**NIELSEN & TREAS, LLC**
Megan E. Snider
LA State Bar #33382
3838 North Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
P: 504-837-2500;
F: 504-832-9165
Email: msnider@nct-law.com

**COUNSEL FOR DEFENDANT,**
**FOREMOST INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the foregoing was served upon all counsel of record via CM/ECF System and/or certified mail return receipt requested on this 11th day of December 2018.

    Cate Biggs
    Addie Butler
    Long & Long, Attorneys at Law
    2000 Edwards Street, Building A
    Houston, TX 7707
    _Counsel for Plaintiffs_

        _/s/Bradley K. Jones_
        Bradley K. Jones